**NORTHWESTERN BANK OF COMMERCE, Respondent,**

v.

**EMPLOYERS' LIFE INSURANCE COMPANY OF AMERICA, Appellant.**

**No. 48756.**

Supreme Court of Minnesota.

June 8, 1979.

Rehearing Denied July 16, 1979.

Hanft, Fride, O'Brien & Harries and John D. Kelly, Duluth, for appellant.

Fryberger, Buchanan, Smith, Sanford & Frederick and William D. Sommerness, Duluth, for respondent.

Heard before PETERSON, SCOTT, and KENNEDY, JJ., and considered and decided by the court en banc.

CHARLES W. KENNEDY, Justice.*

Plaintiff, Northwestern Bank of Commerce, loaned money to Lionel Birkeland, who assigned plaintiff a policy of life insurance issued by defendant, Employers' Life Insurance Company of America, as collateral. Defendant promised to notify plaintiff

* Acting as Justice of the Supreme Court by appointment pursuant to Minn.Const. art. 6, § 2, and Minn.St. 2.724, subd. 2.

in the event of premium default. The issue is whether defendant is liable for failure to inform plaintiff that Birkeland did not pay the premium due on June 10, 1972, as a result of which the policy lapsed.

The parties submitted the case to the trial court on a stipulation of facts and by cross motions for summary judgment. The court granted summary judgment for plaintiff on alternative theories of promissory estoppel and negligent misrepresentation. Defendant appeals from the judgment. Judgment on the basis of promissory estoppel is justified and we affirm.

In June 1966, Lionel Birkeland obtained a 10-year term life insurance policy from defendant. The annual premium of $1,292.81 was payable June 10. In December 1967, Birkeland assigned the policy to plaintiff as collateral for "any and all liabilities * * * either now existing or that may hereafter arise * * *." Defendant was then furnished a copy of the assignment and a "Life Insurance Assignment Questionnaire," which asked about the premium, and whether defendant would notify plaintiff in the event of premium default. Defendant answered that the premium had been paid to June 10, 1968, and that it would not notify plaintiff of premium default.

In September 1969, plaintiff sent defendant an identical questionnaire, which defendant answered as follows:

"1.  Premium paid to <u>6–10–70</u>. Annual $1292.81

"2.  Premium payment branch or agency office name and address <u>110 Milk St., Boston, Mass. 02107</u>

"3.  In the event of premium default:

\*    \*    \*    \*    \*    \*

(b) Will you notify assignee in ample time for assignee to protect its collateral? <u>Yes</u>."

In October 1972, plaintiff wrote defendant asking the status of the policy. Defendant wrote plaintiff that the policy was still assigned as collateral to plaintiff and had a face value of $109,381. In fact the policy had lapsed August 1, 1972, for default in the premium payment due June 10,

1972. Plaintiff did not learn of the default and lapse until Birkeland's death in September 1975, when plaintiff demanded payment from defendant of Birkeland's indebtedness of $15,791.36.

Neither party has contended that a new trial is necessary to resolve any fact issues. From the manner in which the dispute was submitted to the trial court, it is clear that the parties desired a decision based on the agreed facts and the exhibits. The stipulation recited that the parties "for the purpose of submitting the instant controversy for judicial determination stipulate and agree *. * *." Defendant's brief on appeal states that the essential and material facts are not in dispute, but the trial court's conclusions are challenged.

■  The admitted facts, and the inferences which the trial court could reasonably draw therefrom, justify the conclusion that to avoid injustice, defendant's promise to notify plaintiff in the event of premium default should be enforced under the doctrine of promissory estoppel, as set forth in Restatement, Contracts, § 90:

"A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."

This court has recognized and applied promissory estoppel. See, e.g., *United Elec. Corp. v. All Serv. Elec., Inc.*, 256 N.W.2d 92 (Minn.1977).

■  Defendant argues that its promise to notify did not extend beyond the June 10, 1970, premium, that it could not reasonably expect its promise to induce action or forbearance, and that the promise did not have that effect.

Nothing in the questionnaire or in the response purported to limit the promise to the one premium coming due June 10, 1970. The language, "[i]n the event of premium default," referred to any premium default. The purpose of the notice was to permit plaintiff to "protect its collateral" by pay-

ing the premium, or arranging for its payment. The collateral would be necessary so long as there was indebtedness, and nothing in the questionnaire or the assignment indicated that the collateral would not be needed longer than the year following June 10, 1970. The assignment referred to liabilities "now existing or that may hereafter arise." The promise to notify was without qualification. After the June 10, 1970, premium was paid, defendant did not inform plaintiff that its promise to notify in the event of default was no longer in effect. Defendant could not have assumed that plaintiff would make inquiry about the premium each year, for then there would have been no purpose served by asking for notice.

Defendant should reasonably have expected that its promise to notify would induce plaintiff to depend on the promise as an accurate and prompt way of learning whether its collateral needed protection and would influence plaintiff in its lending transactions with Birkeland. The question, "Will you notify assignee in ample time for assignee to protect its collateral?" was plain evidence that plaintiff wanted to be informed of an important fact so that it could act to prevent lapse, either by paying the premium or requiring that Birkeland do so. Defendant could have declined to promise but when it answered that it would notify, it should have expected plaintiff to rely on the promise.

The stipulated facts and exhibits show that plaintiff did rely on the promise to its detriment. After receiving the 1969 promise, plaintiff continued to lend money to Birkeland, did not seek other or additional security, and did not send defendant inquiries other than the October 1972 letter, in response to which plaintiff was assured by defendant that the policy was still effective as collateral.

Defendant's failure to notify plaintiff of the premium default before August 1, 1972, deprived plaintiff of the opportunity to keep the policy in force. The insurance must therefore be considered as in effect at Birkeland's death to the extent of the debt Birkeland then owed to plaintiff.

It is not necessary to consider the alternate ground for recovery.

Affirmed.

TODD, J., took no part in the consideration or decision of this case.

